UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY GOINS, )
)
Plaintiff, )
)
v. ) Civil Action No. 19-2152 (UNA)
)
CATHY SERRETTE, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.[1] The Court grants the application and dismisses the complaint with prejudice.

The plaintiff claims to be the biological father of two minor children, I.W. and J.G. *See* Compl. at 3. He brings this action against Judge Cathy Serrette "in her official capacity as Judge of the Prince George's County Circuit [Court]," *id.* at 1, who presided over a matter which appears to have determined custody of the children. The plaintiff alleges that Judge Serrette committed acts of misconduct, failed to follow applicable Maryland family law, and disregarded evidence supporting the plaintiff's claim of paternity, in violation of rights protected under the Fifth and Fourteenth Amendments to the United States Constitution. *See generally id.* at 1-7, 10.

---

[1] The complaint and its attachments are riddled with the full names of minor children, their dates of birth, and other sensitive information the Court deems unsuitable for placement on the public docket and in violation of Local Civil Rule 5.4(f). The Court will order the Clerk of Court to seal the complaint and its attachments.

As a result, the plaintiff, his children and the children's biological mother allegedly are "suffer[ing] severe psychological trauma, anxiety . . . [and] financial hardship," *id.* at 11, and are "subjected to social services investigations," *id.* The plaintiff asks this Court to declare Judge Serrette's "decisions and court orders . . . null, void and illegal," *id.* at 2, to declare him the legal and biological father of I.W. and J.G., *id.* at 12, to order amendment to the children's birth certificates listing the plaintiff as their biological father, *id.*, and to award monetary damages, *see id.* at 13.

It is apparent that all of the plaintiff's claims pertain to actions the defendant took in her judicial capacity. *See* Compl. at 1, 5. These claims cannot survive because Judge Serrette enjoys absolute immunity from suit. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"). Therefore, the Court will dismiss the complaint in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

An Order consistent is issued separately.

DATE: August 12, 2019

United States District Judge